# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2020

Lyle W. Cayce
Clerk

No. 19-60099
Summary Calendar

Josefina Merary Ortiz Corrales,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 745 057

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Josefina Merary Ortiz Corrales, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing the appeal from the decision of the Immigration Judge

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

(IJ) denying her applications for asylum and withholding of removal. She argues that the BIA conflated the nexus requirement with the cognizability of her particular social groups, "Honduran Women Viewed as Belonging to a Man Due to the Close Nature of Their Intimate Partner Relationships with that Man" and "Honduran Women Witnesses to Gang Crime Who Publicly Denounce the Activities of the Gang." Ortiz Corrales asserts that her groups were cognizable and that she established a nexus between the persecution and her groups. She further argues that the BIA erred in finding that she failed to establish that the government was unwilling or unable to protect her from domestic violence. Finally, she contends that the decision in *Matter of A-B-*, 27 I. & N. Dec. 316, 333-40 (Att'y Gen. 2018), *vacated in part by Grace v. Whitaker*, 344 F. Supp. 3d 96 (D.D.C. 2018), *aff'd in part, rev'd in part, vacated and remanded*, 965 F. 3d 883 (D.C. Cir. 2020), is invalid and that the BIA misinterpreted it. Ortiz Corrales does not challenge the BIA's determination that she was not entitled to asylum and withholding of removal on account of her political opinion; she has abandoned any such challenge. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review the BIA's determination that an alien is not eligible for asylum or withholding of removal under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach" a conclusion contrary to that of the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

Ortiz Corrales has not shown that the decision in *A-B-* was invalid or that the BIA misinterpreted the decision. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 228-35 (5th Cir. 2019). Nor has she shown that the BIA erred in finding that she failed to show that the persecution suffered was on account of her membership in the particular social groups. *See id.*; *Garcia v. Holder*, 756 F.3d

No. 19-60099

885, 889-90 (5th Cir. 2014). Finally, the BIA did not err in determining that she failed to show that the Honduran government was unable or unwilling to protect her. *See Gonzales-Veliz*, 938 F.3d at 233.

Ortiz Corrales fails to show that the BIA's decision finding that she was not entitled to asylum was not supported by substantial evidence. *See Orellana-Monson*, 685 F.3d at 518. Because Ortiz Corrales did not meet her burden with respect to her asylum application, the BIA concluded correctly that she necessarily cannot do so with respect to her application for withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

The petition for review is DENIED.